Brian W. Esler, WSBA No. 22168
brian.esler@millernash.com
Miller Nash LLP
605 5th Ave S, Ste 900
Seattle WA 98104
Phone: (206) 624-8300

Delfina S. Homen (admitted *pro hac vice*)
delfina.homen@millernash.com
Miller Nash LLP
1140 SW Washington St, Ste 700
Portland, OR 97205
Phone: (503) 224-5858

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GOOD TRUBBLE LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>CHEN ZHIHUA, an individual, and DOES 1-10,<br><br>    Defendants. | Case No. 2:24-cv-01650-GJL<br><br>STIPULATED MOTION FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION |

**STIPULATION AND MOTION FOR ENTRY OF JUDGMENT**

Defendant Chen Zhihua ("Defendant") and Plaintiff Good Trubble LLC ("Plaintiff"), themselves and through undersigned counsel, respectively, hereby stipulate as follows and jointly move that the Court enter the proposed Order and the Consent Judgment and Permanent Injunction attached as Attachment A to the Order, based on the following stipulations between the parties:

STIPULATED MOTION FOR ENTRY
OF CONSENT JUDGMENT - 1
CASE NO. 2:24-CV-01650-GJL

Miller Nash LLP
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff is the owner of all right, title, and interest, including any and all copyright rights, in and to Plaintiff's Copyrighted Work. Plaintiff is the owner of valid and subsisting United States Copyright Registration No. VA 2-231-138 for the Copyrighted Work, issued by the United States Copyright Office on January 13, 2021, with an effective registration date of October 16, 2020.

4. Defendant acknowledges and agrees that Plaintiff owns valid copyright rights in the Copyrighted Work and waives the right to challenge Plaintiff's ownership of those rights in any future proceedings.

5. Without Plaintiff's authorization and without any remuneration to Plaintiff, Defendant manufactured, published, printed, and sold, or caused to be manufactured, published, printed, and sold, certain merchandise incorporating the Copyrighted Work or derivatives thereof (the "Infringing Products"), which feature imagery identical to, substantially similar to, and/or derivative of the Copyrighted Work. Defendant has offered, distributed, and/or sold the Infringing Products through at least Amazon.com.

6. The foregoing conduct by Defendant constitutes infringement of Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

7. As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained substantial, immediate, and irreparable injury, and is entitled to damages and an injunction pursuant to 17 U.S.C. §§ 502-505.

8. Judgment should thus be entered against Defendant on Count One of Plaintiff's Complaint for copyright infringement under the United States Copyright Act.

STIPULATED MOTION FOR ENTRY
OF CONSENT JUDGMENT - 2
CASE NO. 2:24-CV-01650-GJL

Miller Nash LLP
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

9. Defendant hereby waives any and all right to an appeal from the Consent Judgment and Permanent Injunction.

10. The Consent Judgment and Permanent Injunction will be a final judgment on the merits of Plaintiff's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

11. The consent judgment is being entered into by the parties for the purpose of settlement and is without admission by Defendant as to liability or any of the allegations of the Complaint in this action, or as to any matters arising out of the Complaint. However, nothing in this paragraph shall be construed as diminishing or otherwise affecting Defendant's obligations and responsibilities under the Consent Judgment and Permanent Injunction.

12. Defendant, together with all of Defendant's officers, directors, agents, servants, employees, representatives, affiliates, successors, and assigns, and all other persons, firms, or companies in active concert or participation with Defendant, should be permanently enjoined and restrained from directly or indirectly:

    A. manufacturing, distributing, marketing, advertising, promoting, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, or sell the Infringing Products and any other products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work;

    B. reproducing, distributing, performing, or publicly displaying the Copyrighted Work, creating any derivative works based on the Copyrighted Work, or engaging in any activity that infringes Plaintiff's rights in the Copyrighted Work; and

    C. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

13. Defendant should be ordered to, at Defendant's own cost and without receipt of any compensation from Plaintiff, destroy or deliver up for destruction all materials in

STIPULATED MOTION FOR ENTRY
OF CONSENT JUDGMENT - 3
CASE NO. 2:24-CV-01650-GJL

Miller Nash LLP
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

Defendant's possession, custody, or control used by Defendant in connection with Defendant's infringing conduct, including without limitation all remaining inventory of the Infringing Products and any other products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Work, as well as all means for manufacturing them. Such destruction or delivery should occur within ten (10) days of entry of the Consent Judgment and Permanent Injunction, and Defendant shall provide photographic evidence of such destruction of anything not delivered to Plaintiff.

14. Defendant should be ordered, at its own expense, to: (a) recall the Infringing Products from any manufacturers, distributors, retailers, vendors, or others that have distributed the Infringing Products on Defendant's behalf; (b) recall from any third parties any products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Products or the Copyrighted Work; and (c) destroy or deliver up for destruction all materials returned to it. Such actions should be taken within ten (10) days of entry of the Consent Judgment and Permanent Injunction.

15. Defendant should be ordered to file with the Court and serve upon Plaintiff's counsel within twenty (20) days after entry of this Consent Judgment and Permanent Injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of the Consent Judgment and Permanent Injunction.

16. If Defendant is found by the Court to be in contempt of, or otherwise to have violated the Consent Judgment and Permanent Injunction, the parties agree that Plaintiff shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

STIPULATED MOTION FOR ENTRY
OF CONSENT JUDGMENT - 4
CASE NO. 2:24-CV-01650-GJL

**Miller Nash LLP**
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

17. The Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors, assigns, and acquiring companies.

18. This permanent injunction is binding against the Defendant worldwide, without regard to the territorial scope of the specific intellectual property rights asserted in the Complain of the above-captioned case and may be enforced in any court of competent jurisdiction wherever Defendant or their assets may be found.

19. The parties irrevocably and fully waive notice of entry of this Consent Judgment and Permanent Injunction and notice and service of the entered Consent Judgment and Permanent Injunction. Plaintiff is not required to post any bond or security in connection with this Consent Judgment and Permanent Injunction, and Defendant has permanently, irrevocably, and fully waived any right to request a bond or security.

20. The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction and awarding damages or other relief for violations thereof.

21. Nothing contained in the Consent Judgment and Permanent Injunction shall limit the right of Plaintiff to seek relief, including without limitation damages, for any and all infringements of intellectual property rights occurring after the date of the Consent Judgment and Permanent Injunction.

22. The permanent injunction shall remain in full force and effect unless and until modified by order of this Court.

23. The parties hereby stipulate to entry of judgment on the terms stated herein.

SO STIPULATED AND MOVED, BY DEFENDANT AND THROUGH COUNSEL OF RECORD FOR PLAINTIFF.

STIPULATED MOTION FOR ENTRY
OF CONSENT JUDGMENT - 5
CASE NO. 2:24-CV-01650-GJL

Miller Nash LLP
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

1  DATED this ___ day of December, 2024

MILLER NASH LLP

*/s/ Delfina S. Homen*
Brian W. Esler, P.C., WSBA No. 22168
605 5th Ave S., Suite 900
Seattle, WA 98104
brian.esler@millernash.com
(206) 624-8300

Delfina S. Homen (admitted *pro hac vice*)
1140 SW Washington St, Ste 700
Portland, OR 97205
delfina.homen@millernash.com
(503) 224-5858

Attorneys for Plaintiff
Good Trubble LLC

By: Chen Zhihua
Chen Zhihua
xinch2044462@163.com

*Defendant*

STIPULATED MOTION FOR ENTRY
OF CONSENT JUDGMENT - 6
CASE NO. 2:24-CV-01650-GJL

**Miller Nash LLP**
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED. The Clerk is directed to enter judgment against Defendant Chen Zhihua and in favor of Plaintiff Good Trubble LLC in conformity with the stipulations above.

Dated: January 7, 2025

_____
HONORABLE TANA LIN
UNITED STATES DISTRICT JUDGE

4889-8042-9821.1

STIPULATED MOTION FOR ENTRY
OF CONSENT JUDGMENT - 7
CASE NO. 2:24-CV-01650-GJL

Miller Nash LLP
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599