Case 2:24-cv-01650-TL   Document 11   Filed 01/07/25   Page 1 of 6

Brian W. Esler, WSBA No. 22168
brian.esler@millernash.com
Miller Nash LLP
605 5th Ave S, Ste 900
Seattle WA 98104
Phone: (206) 624-8300

Delfina S. Homen (admitted *pro hac vice*)
delfina.homen@millernash.com
Miller Nash LLP
1140 SW Washington St, Ste 700
Portland, OR 97205
Phone: (503) 224-5858

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GOOD TRUBBLE LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CHEN ZHIHUA, an individual, and DOES 1-10,<br><br>Defendants. | Case No. 2:24-cv-01650-GJL<br><br>CONSENT JUDGMENT AND PERMANENT INJUNCTION |

WHEREAS, this action was commenced on October 10, 2024, by the filing of the Summons and Complaint;

WHEREAS, in the Complaint, Plaintiff Good Trubble LLC ("Plaintiff") seeks injunctive relief and monetary damages against Defendant Chen Zhihua ("Defendant") for infringement of Plaintiff's copyright in Plaintiff's copyrighted work titled "That Little Girl Was Me" (the "Copyrighted Work") under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.;

PERMANENT INJUNCTION - 1
CASE NO. 2:24-CV-01650-GJL

1

**Miller Nash LLP**
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

WHEREAS, Defendant now stipulates and consents to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

NOW THEREFORE, upon consent of the parties hereto, it is

**HEREBY ORDERED, ADJUDGED, AND DECREED**

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff is the owner of all right, title, and interest, including any and all copyright rights, in and to Plaintiff's Copyrighted Work. Plaintiff is the owner of valid and subsisting United States Copyright Registration No. VA 2-231-138 for the Copyrighted Work, issued by the United States Copyright Office on January 13, 2021, with an effective registration date of October 16, 2020.

4. Defendant acknowledges and agrees that Plaintiff owns valid copyright rights in the Copyrighted Work and waives the right to challenge Plaintiff's ownership of those rights in any future proceedings.

5. Without Plaintiff's authorization and without any remuneration to Plaintiff, Defendant manufactured, published, printed, and sold, or caused to be manufactured, published, printed, and sold, certain merchandise incorporating the Copyrighted Work or derivatives thereof (the "Infringing Products"), which feature imagery identical to, substantially similar to, and/or derivative of the Copyrighted Work. Defendant has offered, distributed, and/or sold the Infringing Products through at least Amazon.com.

CONSENT JUDGMENT AND
PERMANENT INJUNCTION - 2
CASE NO. 2:24-CV-01650-GJL

2

Miller Nash LLP
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

6. The foregoing conduct by Defendant constitutes infringement of Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

7. As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained substantial, immediate, and irreparable injury, and is entitled to damages and an injunction pursuant to 17 U.S.C. §§ 502-505.

8. The Court hereby enters judgment against Defendant on Count One of Plaintiff's Complaint for copyright infringement under the United States Copyright Act.

9. Defendant hereby waives any and all right to an appeal from this Consent Judgment and Permanent Injunction.

10. This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of Plaintiff's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

11. This consent judgment is entered into by the parties for the purpose of settlement and is without admission by Defendant as to liability or any of the allegations of the Complaint in this action, or as to any matters arising out of the Complaint. However, nothing in this paragraph shall be construed as diminishing or otherwise affecting Defendant's obligations and responsibilities under this Consent Judgment and Permanent Injunction.

12. Defendant, together with all of Defendant's officers, directors, agents, servants, employees, representatives, affiliates, successors, and assigns, and all other persons, firms, or companies in active concert or participation with Defendant, are permanently enjoined and restrained from directly or indirectly:

CONSENT JUDGMENT AND
PERMANENT INJUNCTION - 3
CASE NO. 2:24-CV-01650-GJL

3

Miller Nash LLP
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

  A. manufacturing, distributing, marketing, advertising, promoting, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, or sell the Infringing Products and any other products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work;

  B. reproducing, distributing, performing, or publicly displaying the Copyrighted Work, creating any derivative works based on the Copyrighted Work, or engaging in any activity that infringes Plaintiff's rights in the Copyrighted Work; and

  C. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

13. Defendant, at Defendant's own cost and without receipt of any compensation from Plaintiff, Defendant shall destroy or deliver up for destruction all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's infringing conduct, including without limitation all remaining inventory of the Infringing Products and any other products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Work, as well as all means for manufacturing them. Such destruction or delivery shall occur within ten (10) days of entry of this Consent Judgment and Permanent Injunction, and Defendant shall provide photographic evidence of such destruction of anything not delivered to Plaintiff.

14. Defendant, at its own expense, shall: (a) recall the Infringing Products from any manufacturers, distributors, retailers, vendors, or others that have distributed the Infringing Products on Defendant's behalf; (b) recall from any third parties any products,

CONSENT JUDGMENT AND
PERMANENT INJUNCTION - 4
CASE NO. 2:24-CV-01650-GJL

Miller Nash LLP
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

4

works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Products or the Copyrighted Work; and (c) destroy or deliver up for destruction all materials returned to it. Such actions shall be taken within ten (10) days of entry of this Consent Judgment and Permanent Injunction.

15. Defendant shall file with the Court and serve upon Plaintiff's counsel within twenty (20) days after entry of this Consent Judgment and Permanent Injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of this Consent Judgment and Permanent Injunction.

16. If Defendant is found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the parties agree that Plaintiff shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

17. This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors, assigns, and acquiring companies.

18. This permanent injunction is binding against the Defendant worldwide, without regard to the territorial scope of the specific intellectual property rights asserted in the Complaint of the above-captioned case and may be enforced in any court of competent jurisdiction wherever Defendant or their assets may be found.

19. The parties irrevocably and fully waive notice of entry of this Consent Judgment and Permanent Injunction and notice and service of the entered Consent Judgment and Permanent Injunction. Plaintiff is not required to post any bond or security in connection

CONSENT JUDGMENT AND
PERMANENT INJUNCTION - 5
CASE NO. 2:24-CV-01650-GJL

5

Miller Nash LLP
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

with this Consent Judgment and Permanent Injunction, and Defendant has permanently, irrevocably, and fully waived any right to request a bond or security.

20. The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction and awarding damages or other relief for violations thereof.

21. Nothing contained in this Consent Judgment and Permanent Injunction shall limit the right of Plaintiff to seek relief, including without limitation damages, for any and all infringements of any intellectual property rights occurring after the date of this Consent Judgment and Permanent Injunction.

22. The permanent injunction shall remain in full force and effect unless and until modified by order of this Court.

23. IT IS FURTHER ORDERED that the clerk be, and hereby is, directed to close this matter.

SO ORDERED.

Dated: January 7, 2025

_____
HONORABLE TANA LIN
UNITED STATES DISTRICT JUDGE

CONSENT JUDGMENT AND
PERMANENT INJUNCTION - 6
CASE NO. 2:24-CV-01650-GJL

6

Miller Nash LLP
605 5th Ave S., Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599